IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2106-FL

| | |
|---|---|
| MICHAEL POSEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES PAROLE COMMISSION and WARDEN HOLLAND, | ) ) ) |
| | ) |
| Respondents. | ) |

The matter now is before the court on respondents' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE 19). The issues raised have been fully briefed and are ripe for adjudication.

**BACKGROUND**

On May 5, 1989, petitioner was convicted in the Superior Court of the District of Columbia on various drug offenses and sentenced to 15 yeas in prison. (Resp't. Ex. A (DE 20-1) at 4, 7, 13). Petitioner was paroled in 1994, and his parole has since been revoked a total of eight times. (Id. at 13-20). In 2013, the United States Parole Commission ("Commission") revoked petitioner's parole after he was convicted of two drug distribution charges in Virginia state court. (Id. at 18-20). After he completed his sentence in Virginia, the United States District Court for the District of Columbia revoked petitioner's supervised release term and ordered the service of 20 months. (Id, at 3). He completed the service of this time on April 29, 2013 (Id.).

Following a revocation hearing, on December 3, 2013, the Commission took the following action:

> Revoke parole. None of the time spent on parole shall be credited. Continue to expiration.
>
> You shall be subject to the Special Drug Aftercare Condition that requires you participate [sic], as instructed by your Supervision Officer, in an approved inpatient or outpatient program for the treatment of narcotic addiction or drug dependency. The treatment program may include testing and examination to determine if you have reverted to the use of drugs. You shall abstain from the use of alcohol and all other intoxicants during and after the course of treatment. If so instructed by a Bureau of Prisons institutional employee or your Supervision Officer, you shall reside in, and participate in a program of, the Re-Entry and Sanctions Center until discharged by the Center Director.
>
> In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires you participate [sic] in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

(Id.) at 18.

Petitioner appealed this decision to the National Appeals Board ("NAB"), which affirmed the Commission's decision. (Id. at 23). Specifically, the NAB determined:

> The grounds for your appeal are that you have not been given correct credit towards the expiration of your sentence for the time that you spent in custody, that you did not receive proper notice of the parole violations and evidence to be considered for revocation, that your parole revocation hearing was untimely, and that there are mitigating circumstances that warrant a more lenient decision.
>
> The National Appeals Board has reviewed your claims and has found no merit to the claims that would justify a different decision. If you believe that your sentence has been computed incorrectly, you should address that with the Bureau of Prisons.
>
> All decisions by the National Appeals Board on appeal are final.

(Id.).

The Commission conducted an interim hearing on November 6, 2015. (Id. at 24). The purpose of an interim hearing is to consider any developments in the prisoner's case since the last

2

hearing and whether they should have an effect on the Commission's decision. See 28 C.F.R. § 2.14(a). After conducting this hearing, the Commission took the following action:

> No change in previous decision to continue to expiration.
>
> The Parole Commission has decided to continue you to the expiration of your sentence. If the two-thirds date of your sentence (30 years in the case of a sentence of 45 years or more) precedes that mandatory release date calculated by the Bureau of Prisons, the Commission will conduct a record review of your case approximately 9 months prior to the two-thirds date. If a parole is not ordered as a result of the record review, the Commission will conduct a hearing for you. The purpose of the review or hearing is to determine whether there is a reasonable probability that you will commit any Federal, State, or local crime, or whether you have frequently or seriously violated the rules of the institution. See 28 C.F.R. § 2.53(a). If parole is denied, you will be continued until the expiration of your sentence less good time.
>
> The Bureau of Prisons is requested to forward a copy of the prisoner's progress report approximately 9 months prior to the scheduled two-thirds date.
>
> You shall be subject to the Special Drug Aftercare condition that requires that you participate, as instructed by your Supervision Officer, in an approved impatient or outpatient program for the treatment of narcotic addiction or drug dependency. The treatment program may include testing and examination to determine if you have reverted to the use of drugs. You shall abstain from the use of alcohol and all other intoxicants during and after the course of treatment. If so instructed by a Bureau of Prisons institutional employee or your Supervision Officer, you shall reside in, and participate in a program of, the Re-Entry and Sanctions Center until discharged by the Center Director.
>
> In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires you to participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

(Def. Ex. A (DE 20-1) at 24).

> In support of this action, the Commission found:
>
> Retroactivity does not apply. Neither your recalculated severity rating (old Category **Four**; new Category **Four**) nor your recalculated salient factor risk category (old Category **Poor**, old score **2**; new Category **Poor**, new score **2**) is more favorable. This statement means that a finding has been made by the Parole Commission at your hearing that no regulatory or procedural changes have been. made by the Parole

3

Commission since your last hearing which would positively affect your case in terms of offense severity or salient factor scoring.

(Id. at 24) (emphasis in original).

Petitioner appealed the Commission's November 6, 2015 decision with the NAB on January 7, 2016[1]. (Id. at 26-29). Prior to the disposition his appeal with the NAB, on May 10, 2016[2], petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a memorandum in support, in this court. (DE 1, 2). In that petition, petitioner challenged the Commission's November 6, 2015 determination and sought his immediate release. (Id. at 2, 8). Although his petition and brief in support are not models of clarity, the crux of his claim is that NAB excessively delayed ruling on his appeal. (See Pet. (DE 1) at 8); Pet'r. Mem. (DE 2) at 5). Thus, he claims the NAB is in "procedurally default." (Id.). In addition, petitioner challenges his underlying parole revocation, arguing it violated the Constitution's Ex Post Facto Clause. (See e.g., Pet'r. Mem. (DE 2) at 3). As relief, he seeks his immediate release. (Pet. (DE 1) at 8).

On June 23, 2016, the NAB deferred a ruling on petitioner's appeal "to allow the Commission to review the medical status. The Commission request the Bureau of Prison's to provide a medical report prepared by a physician within 90 days." (Def. Ex. A. (DE 30). On August 12, 2016, after receiving that information, the NAB affirmed the Commission's November 6, 2015 decision. (Id. at 31).

---

[1] Although petitioner dates his petition January 7, 2016, it was not received until April 1, 2016. (Def. Ex. A. (DE 20-1) at 26).

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated May 10, 2016, but filed on May 16, 2016, to be filed on May 10, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

On July 25, 2017, respondent filed a motion to dismiss for lack of subject matter jurisdiction arguing that petitioner failed to exhaust his administrative remedies prior to filing the instant action. Respondent alternatively argues that petitioner fails to state a claim upon which relief may be granted. The motion was fully briefed.

## DISCUSSION

A.      Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by respondents. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint

5

contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).  On a motion to dismiss, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

B.     Analysis

Petitioner advances two separate, but related, claims.  First, he challenges the NAB's allegedly excessive delay.  In addition, he also challenges the constitutionality of his underlying parole revocation.  The court will discuss each claim in turn.

1.     NAB's Delay

"The National Appeals Board shall act within sixty days of receipt of the appellant's papers, to affirm, modify, or reverse the decision. Decisions of the National Appeals Board shall be final." 28 C.F.R. § 2.26(c).  Here, the record indicates the NAB did not do so.  However, although the Fourth Circuit has not addressed a claim on this basis, other courts of appeals have held that the

6

NAB's failure to render a decision within the time period articulated by regulation does not necessarily rise to the level of a due process violation meriting habeas relief. See, e.g., Judd v. Baer, 911 F.2d 571, 573 (11th Cir. 1990). Rather, for such a delay to implicate constitutional protections, petitioner must demonstrate that the delay was both unreasonable and that it prejudiced him. Villarreal v. U.S. Parole Commission, 985 F.2d 835, 838 (5th Cir. 1993) (evaluating 18 U.S.C. § 4215 (1982), a subsequently repealed statute that imposed the same 60-day time period on the NAB to render a decision as found in 28 C.F.R. § 2.26(c)); Judd, 911 F.2d at 573 (same); Alston v. Stewart, No. CV JKB-17-1339, 2018 WL 1069360, at *10 (D. Md. Feb. 27, 2018) (same). Here, it is plain petitioner suffered no prejudice from the delay. While beyond the time-period anticipated by the statute, the delay was not unreasonably excessive. Petitioner initiated this action approximately a month before the NAB deferred its decision in order to gather more information. After gathering more information, the NAB ultimately affirmed the Commission's revocation of his parole. Thus, petitioner has not spent any additional time in custody as a result of the NAB's delay.

Moreover, a § 2241 petition is not the proper vehicle to seek a court order instructing the NAB to rule on petitioner's appeal. Rather, petitioner must file a writ of mandamus. See Judd, 911 F.2d 571, 574 (11th Cir. 1990) ("appropriate action [to remedy excessive NAB delay] to have taken was to have petitioned the district court for a writ of mandamus."); see, e.g., Ortloff v. O'Brien, 2001 WL 111523, *2 n.1 (7th Cir. 2001) ("The NAB is required to state its decision within 60 days, 28 C.F.R. § 2.26(c), although if it does not a writ of habeas corpus is not the appropriate remedy" (citing Judd, 911 F.2d at 572)); Webber v. Dep't of Justice, No. 1:02-CV-03093-FNS, 2003 WL 23350133, at *3 (D. Md. Feb. 20, 2003) (Noting that a § 2241 petitioner is "empowered to go into court and force the NAB to render a decision within 60 days by filing a writ of mandamus."

7

(alterations and quotations in original omitted), aff'd, 69 F. App'x 645 (4th Cir. 2003); Guerrero-Guerrero v. Clark, 687 F. Supp. 1022, 1030 (E.D. Va. 1988) ("Even assuming the Parole Commission's dispositional review of the detainer was untimely, absent prejudice or bad faith on the Commission's part, the appropriate remedy was not a writ of habeas corpus but a writ of mandamus to compel compliance with the statute.").

Finally, because the NAB has now ruled on his appeal, and petitioner has not established bad faith or prejudice, any claim flowing from that delay is now moot. Judd, 911 F.2d at 574-75 (At this point, however, Judd has been in receipt of the NAB's decision on his appeal for 21 months. The issue is moot.").

For these reasons, respondents' motion to dismiss is ALLOWED to the extent it seeks dismissal of petitioner's claims related to the NAB's delay in ruling upon his appeal.

2. Parole Revocation

It is clear from the tenor of petitioner's petition that he challenges not only the NAB's delay, but also the validity of his underlying parole revocation. (See e.g., Pet'r. Mem. (DE 2) at 3). Indeed, at the end of the day, the relief he seeks is not action from the NAB, but his immediate release. (Pet. (DE 1) at 8). In their motion to dismiss, respondents have specifically declined to address the merits of petitioner's claim. (Def. Mem. (DE 20) at 10 n. 5). Rather, they argue they argue this claim should be dismissed due to petitioner's failure to exhaust.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts require prisoners challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam);

8

see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) ("[I]n the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotations and citations omitted). This includes prisoners challenging decisions of he Commission. See Clifton v. Richards, 17 F.3d 1433 (4th Cir. 1994) (affirming district court order dismissing a § 2241 petitioning challenging Commission's denial of parole for failure to exhaust). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007). Courts have treated exhaustion of administrative remedies in a section 2241 action as jurisdictional. See, e.g., Timms, 627 F.3d at 533. Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

    Here, petitioner attempted to exhaust his administrative remedies by appealing to the NAB. The NAB had 60 days to address petitioner's appeal and did not do so. After that time expired, petitioner sought relief from this court. In the interim, the NAB rejected petitioner's appeal, thus the record has not altered substantially since petitioner initiated this action. The court finds that it is not clear from the record that petitioner has failed to exhausted his remedies. Alternatively, the record is unclear whether any such failure should be excused. Therefore, the issue of exhaustion would be more appropriately framed in a fully briefed motion for summary judgment. For these reasons, respondent's motion to dismiss is DENIED without prejudice to the extent it seeks dismissal of petitioner's challenge to his underlying parole revocation. Respondents may renew this argument on summary judgment, although they are also encouraged to also address the merits of petitioner's claim. The deadline for dispositive motions on such remaining claim is **June 19, 2018.**

**CONCLUSION**

For the aforementioned reasons, respondent's motion to dismiss (DE 19) is GRANTED in part and DENIED in part. Specifically, respondents' motion is ALLOWED to the extent it seeks dismissal of petitioner's claims related to the NAB's delay in ruling upon his appeal.[3] Respondents' motion is DENIED without prejudice to the extent it seeks dismissal of petitioner's challenge to his underlying parole revocation. Respondents may renew this argument at summary judgment, although they are also encouraged to alternatively address the merits of petitioner's claim. The deadline for dispositive motions on such remaining claim is **June 19, 2018.**

SO ORDERED, this the 19th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] With regard to this dismissal, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).